156

SHERWIN–WILLIAMS CO. v. O'HARA
DECORATING SERVICE, Inc.
No. 8675.

Circuit Court of Appeals, Seventh Circuit.
Nov. 28, 1945.

Franklin R. Overmyer, Peter V. Fazio, and James J. Cullen, all of Chicago, Ill., for appellant.

Louis Goldman, Francis V. Healy, and Robert G. Dreffein, all of Chicago, Ill., for appellee.

Before SPARKS and MAJOR, Circuit Judges, and BRIGGLE, District Judge.

MAJOR, Circuit Judge.

This is an appeal from a judgment in favor of the plaintiff, entered May 10, 1944, in the sum of $7,442.38, with certain interest and costs. The case was tried by the court without a jury.

The suit was instituted for the recovery of the purchase price of certain merchandise sold and delivered to defendant, consisting in the main of enamel, drier, linseed oil and varnish. The merchandise was sold and delivered between September 14, 1939 and June 19, 1940. The defendant by answer denied that it owed the plaintiff the amount sought to be recovered or any other sum by reason of facts set forth in a counterclaim which was filed at the same time and in connection with defendant's answer. By its counterclaim, defendant sought to recover of the plaintiff the sum of $12,513.56, as damage which it allegedly sustained by reason of a breach of warranty on the part of plaintiff as to the quality of the goods which plaintiff had sold and delivered to defendant, and also for the reason that the goods failed to measure up to the specifications required for certain jobs on which plaintiff knew the goods were to be used. These and other allegations of the counterclaim were denied by plaintiff's answer thereto.

The trial court in its findings decided all controverted issues of fact adversely to defendant. Notwithstanding this situation, the case is argued here as though it is a trial de novo. The argument appears to overlook the well established rule that this court is bound by the findings made by the trial court, if substantially supported.

The court found that the merchandise was sold and delivered to defendant at the times, in the amount and at the prices alleged in the complaint. There appears to be no dispute concerning the validity of such finding. As to all of the merchandise, the court found that the defendant at the time it was delivered "made no effort to test same as to quality but accepted and exercised acts of ownership," and that any complaint concerning it was made an unreasonable time after delivery. The court also found that the "defendant utterly failed to prove any of the contentions asserted by it in its amended counterclaim that the plaintiff made any of the representations or warranties as contended for therein, or that the plaintiff was negligent or was chargeable with any default in the sale and delivery of any of the materials sold and delivered by the plaintiff to the defendant, or that the materials sold and delivered by the plaintiff to the defendant

were defective in any regard \* \* \*, or that the damage as alleged by the defendant actually occurred, or that the defendant suffered any of the damages charged by it."

Defendant cites certain provisions of the Uniform Sales Act of Illinois, Chap. 121½, Ill.Rev.Stat.1943, and numerous Illinois cases in support of the proposition that a seller is bound by express warranties as to the suitability of its products for the particular purpose to which the buyer intended to put them. This proposition of law, however, is of no consequence in the instant case if we accept the finding of the trial court that no such warranties were made. We are convinced from an examination of the testimony not only that the finding must be accepted but that there is no basis for a contrary finding. Defendant evidently recognizes its predicament in this respect and now argues that plaintiff is bound by implied warranty that the products sold were suitable for certain uses made known to the plaintiff. Inasmuch as this theory was not advanced or relied upon in the court below, no finding was made relative thereto.

Laying aside the dubious propriety of considering a theory in support of reversal not presented to the court below, we have examined the record sufficiently to determine that the theory is not tenable. As the court found, defendant made no effort to test any of the merchandise as to quality upon delivery or, so far as the record shows, at any subsequent time. Neither the enamel, the drier nor the linseed oil was sold by the plaintiff or purchased by the defendant for the purpose of use in its state of delivery. They were to be used only as ingredients in a finished product. The mixture of such ingredients was solely in the hands of the defendant. While there is some testimony by defendant's president that the finished product was not what it should have been, there is no proof that this was occasioned by any defect in the quality of the items furnished by the plaintiff. For aught that is shown, any defect in the finished product might have been the result of improper mixture or careless and negligent use by defendant's employees. In fact, there is evidence which supports this theory.

The varnish delivered by plaintiff to defendant is in a somewhat different category in that it was designed to be used in the state in which it was delivered. The proof shows that upon complaint by the defendant as to the quality of the varnish, plaintiff had its experts examine numerous jobs where the varnish had been used. These experts testified in effect that defendant's complaint was predicated upon situations where defendant's workmen had improperly applied the varnish. The court found accordingly, and again we think its finding in this respect must be accepted.

Under such a situation, we think there is no need to discuss the implied warranty rule as announced in the Uniform Sales Act of Illinois, supra, and the decisions of the courts of that state. Such rule is of no benefit to the defendant without proof that such warranty was breached by the plaintiff, and in our view the proof supplies no basis for its application.

The judgment is affirmed.